UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PIZANA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SANMEDICA INTERNATIONAL LLC,<br><br>Defendant. | No.  1:18-cv-00644-DAD-SKO<br><br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S OCTOBER 15, 2020 ORDER<br><br>(Doc. Nos. 82, 84, 97, 100) |

This matter is before the court on defendant SanMedica International, LLC's request for reconsideration[1] of two aspects of the assigned magistrate judge's discovery order of October 15, 2020 (Doc. No. 97), granting plaintiff's motion to compel in part and denying defendant's motions for protective orders. (Doc. No. 100 at 3–8.) In its request for reconsideration, defendant also sought an additional thirty days to produce a privilege log (*id.* at 8–9), which the undersigned granted on November 10, 2020. (Doc. No. 103.) For the reasons set forth below, the remainder of defendant's request for reconsideration will be denied.

/////

---

[1] Defendant filed this request for reconsideration in the form of a motion. Local Rule 303(c) requires a party seeking reconsideration of the assigned magistrate judge's ruling to designate the filing as a "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling" and thus, the undersigned will so construe the motion and refer to it as such.

1

**BACKGROUND**

Plaintiff Pizana filed this action on May 9, 2018, on behalf of himself and a putative class of California purchasers of SeroVital-hgh ("SeroVital"), a purported Human Growth Hormone ("HGH") supplement produced by defendant. (Doc. Nos. 1; 53 at ¶¶ 1, 6, 50.) In the operative Second Amended Complaint, filed on November 13, 2019, plaintiff asserts three causes of action: (1) a violation of California Civil Code §§ 1750, *et seq.*, the Consumers Legal Remedies Act; (2) a violation of California Business & Professions Code §§ 17500, *et seq.*, the False Advertising Law; and (3) a violation of California Business & Professions Code §§ 17200, *et seq.*, the Unfair Competition Law. (Doc. No. 53 at ¶¶ 60–121.) Plaintiff alleges that SeroVital is being marketed as an HGH supplement to "make users look and feel decades—not years, but *DECADES*— younger," but is instead "no more effective for its advertised purposes than a placebo[] and is therefore worthless to California consumers . . . ." (*Id.* at ¶¶ 1–5) (emphasis in original).

On August 27, 2020, plaintiff filed a motion to compel based on defendant's allegedly numerous discovery deficiencies in its responses to Plaintiff's First Set of Requests for Production ("RFP") and Plaintiff's First Set of Interrogatories. (Doc. No. 82 at 2.) In response to plaintiff's motion to compel, on both September 1 and 2, 2020, defendant moved for protective orders seeking relief from compliance with a subset of the topics that plaintiff had identified in his motion to compel. (Doc. Nos. 83 at 3–4; 84.) All three motions were set to be heard before the magistrate judge on September 23, 2020. (Doc. No. 94.) On September 16, 2020, the parties filed joint statements pursuant to Local Rule 251 outlining their discovery disputes and the arguments in support of their respective positions.[2] (Docs. No. 89, 90, 91.) The court subsequently determined the scheduled hearing would not be needed and took the matters under submission on September 21, 2020. (Doc. Nos. 97, 94.) On October 15, 2020, the assigned magistrate judge issued a detailed order addressing each of the parties' discovery disputes. (Doc. No. 97.)

---

[2] On September 16, 2020, defendant also sought *ex parte* relief to reschedule the hearing. (Doc. No. 87.) Defendant stated it believed that the parties would not be able to submit the joint statement which was due to be filed that day. (*Id.* at 2.) Because the joint statements were ultimately filed, defendant's request was denied by the court as moot. (Doc. No. 92.)

On October 29, 2020, defendant filed the pending request for reconsideration of two aspects of the magistrate judge's order of October 15, 2020. (Doc. No. 100.) Plaintiff filed his opposition to the pending request for reconsideration on November 5, 2020. (Doc. No. 102.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72(a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f) (citing 28 U.S.C. § 636(b)(1)(A)). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

**DISCUSSION**

Defendant requests reconsideration of aspects of only two parts of the magistrate judge's October 15, 2020 order, Parts III.A. and III.D. (Doc. No. 100.) In Part III.A., the magistrate judge granted plaintiff's motion to compel production of the putative class members' contact

/////

information as sought by RFP Nos. 36 & 37 and to compel a deposition on Topic No. 22[3] prior to class certification and simultaneously denied defendant's request for a protective order to prevent the designation of a witness for deposition on that topic. (Doc. No. 97 at 5–10.) Part III.D. of the discovery order related to defendant's request for an additional extension of time to serve its privilege log on plaintiff. (Doc. No. 100 at 2, 9–10.) Because defendant's request regarding Part III.D. has now been resolved (Doc. No. 103), the court addresses only defendant's request for reconsideration as it relates to Part III.A of the magistrate judge's October 15, 2020 order.

Notably absent from defendant's pending request for reconsideration is any argument that the magistrate judge's order is contrary to law or clearly erroneous. Defendant does not argue that the magistrate judge applied an incorrect legal standard, failed to consider an element of the applicable standard, or failed to apply the relevant law or rules of procedure. L.R. 303(c) (a request for reconsideration "shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."); *see also Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (same). While defendant does attempt to distinguish some of the cases cited by the magistrate judge in the discovery order (Doc. No. 100 at 7–8), defendant does not present any authority which suggests that the magistrate judge erred. Instead, defendant primarily objects to the magistrate judge's conclusion and merely repeats arguments that were raised in its prior briefing. (*Cf.* Doc. No. 89 at 3–7 *with* Doc. No. 100 at 4–9.)

The crux of defendant's objection is that further discovery with respect to putative class member information should not be permitted because (1) it is not relevant to class certification based on defendant's characterization of plaintiff's theory of his case and (2) defendant "concedes" numerosity.[4] (Doc. No. 100 at 2, 4–5.) Plaintiff asserts that the survey and data are

---

[3] Topic No. 22 called for the "[i]dentification of individuals who purchased SeroVital-hgh in California between May 9, 2014 and the present." (Doc. No. 84 at 2.)

[4] It appears this notion was first advanced by defendant prior to any agreement or stipulation as to defendant's position on numerosity. (Doc. No. 91 at 48) ("Defendant has not signed a stipulation to numerosity and only raises this prospect for the first time in its motion for a protective order.") It remains unclear whether there is any such agreement between the parties as to this issue.

4

relevant to establishing numerosity, commonality, and typicality for certification of the class as well as for proving liability and damages. (Doc. No. 102 at 13.) The assigned magistrate judge found that plaintiff's RFP Nos. 36 & 37 and his designated deposition Topic No. 22 were relevant and that it was within the court's discretion to compel defendant to respond. (Doc. No. 87 at 4, 7.) The undersigned agrees with the magistrate judge's finding in this regard.

Defendant's evolving positions on the relevance of the discovery sought by plaintiff further undercut its pending request for reconsideration. Indeed, defendant has already produced documents containing SeroVital consumers' identifying information. (Doc. No. 89 at 13.) Defendant also had agreed to amend its discovery responses to provide responsive information to RFP Nos. 36 & 37 on August 24, 2020, before later declining to do so on September 2, 2020. (Doc. Nos. 89 at 2; 102-5 at 1.) Defendant states that the reason for this change of approach was "research and analysis" (Doc. No. 89 at 2); however, defendant has not presented these findings, or any arguments based thereon, to the court. Furthermore, defendant's current position is not even that such discovery should be disallowed, but only that to conduct this discovery prior to class certification would be premature. (Doc. Nos. 91 at 54) ("Given the fact that the parties have agreed to and the Court has ordered that discovery in this matter be bifurcated, Plaintiff has no grounds to seek this information until after class certification."); (Doc. No. 100 at 3) ("prevent[] this . . . data from being produced at this stage"). However, as the magistrate judge noted in the October 15, 2020 order, defendant also appears to have conceded that putative class contact information "would aid in the development of evidence in support of class certification under Rule 23." (Doc. No. 97 at 6.)

The undersigned has reviewed the magistrate judge's October 15, 2020 order and finds that order to be supported by applicable law and to certainly not be clearly erroneous. The magistrate judge's determination that putative class member information was discoverable at the certification phase is not contrary to law; rather, it is consistent with the approach taken regularly by federal courts, including by judges of this district. (*See* Doc. No. 97 at 4–8) (describing the relevant standards and discussing cases). The magistrate judge's order is supported by the ample legal authority cited therein, and defendant has not even attempted to persuade the undersigned

5

that a mistake has been made in this regard. *See Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).[5] Accordingly, defendant's request for reconsideration of two parts of the assigned magistrate judge's order dated October 15, 2020 will therefore be denied.

## CONCLUSION

For the reasons set forth above, defendant's request for reconsideration of the magistrate judge's order dated October 15, 2020 (Doc. No. 97) is denied.

IT IS SO ORDERED.

Dated: **November 23, 2020**

_____
UNITED STATES DISTRICT JUDGE

---

[5] Defendant's counsel is cautioned that the bringing of motions before this court in bad faith may result in the imposition of sanctions.