# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL PIZANA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SANMEDICA INTERNATIONAL, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 1:18-cv-00644-DAD-SKO<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RESUMPTION OF THE DEPOSITION OF SANMEDICA INTERNATIONAL 30(b)(6) (GINA DAINES)<br><br>(Doc. 111) |

This matter is before the Court on Plaintiff Raul Pizana's "Motion to Compel Resumption of the Deposition of SanMedica International 30(b)(6) (Gina Daines)" (the "Motion to Compel"). (Doc. 111.) Plaintiff and Defendant SanMedica International, LLC filed their joint statement directed to the Motion to Compel (the "Joint Statement"), as required by this Court's Local Rule 251, on December 16, 2020. (Doc. 114.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for December 23, 2020, was therefore vacated. (Doc. 116.)

Having considered the Joint Statement and its exhibits, and for the reasons set forth below, Plaintiff's Motion to Compel will be granted in part.

## I.  BACKGROUND

Plaintiff Raul Pizana filed this putative class action on May 9, 2018, challenging the advertising and efficacy of SeroVital-hgh (the "Product"), a purported Human Growth Hormone ("HGH") supplement produced by Defendant that was purchased by Plaintiff in early 2017. (Doc. 53, Second Am. Compl. ("SAC") at ¶¶ 1, 6, 9.) The Second Amended Complaint, filed on November 13, 2019, asserts three causes of action: (1) a violation of California Civil Code § 1750, *et. seq*., the Consumer Legal Remedies Act ("CLRA"); (2) a violation of California

Business & Professions Code § 17500, *et. seq.*, the False Advertising Law ("FAL"); and (3) a violation of California Business & Professions Code § 17200, *et. seq.*, the Unfair Competition Law ("UCL"). (SAC at ¶¶ 60–121.).

The crux of Plaintiff's suit is that Defendant's Product, despite being marketed as an HGH supplement that can "make users look and feel decades—not years, but *DECADES*—younger," is "no more effective for its advertised purposes than a placebo[] and is therefore worthless to California consumers[.]" (SAC at ¶¶ 1–5.) Specifically, Plaintiff alleges:

> (1) [T]he Product cannot increase HGH levels whatsoever, let alone by 682%; (2) the Product does not reduce wrinkles, "decrease[] body fat," "increase[] lean muscle mass," strengthen bones, "improve[] mood," "heighten[] sex drive," or make "users look and feel decades . . . younger" because the oral administration of amino acids like SeroVital does not increase growth hormone bioactivity; (3) there is no causal link between increased HGH levels and most of the claimed uses, including wrinkle reduction, increased lean muscle mass, stronger bones, improved mood, [or] heightened sex drive; and (4) if SeroVital were to increase HGH levels as claimed, it would cause significant health risks.

(*Id.* at ¶ 2.)

Plaintiff seeks to assert claims on behalf of a proposed class defined as:

> All persons residing in California who purchased the Product for personal use and not for resale during the time period May 9, 2014, through the present. Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Product.

(SAC ¶ 50.) On March 6, 2020, the Court entered a scheduling order that bifurcated merits from class certification discovery and set a deadline of December 18, 2020, for class discovery only.[1] (*See* Doc. 74.)

On November 19, 2020, the parties commenced a remote deposition by videoconference of Gina Daines ("Daines"), one of Defendant's corporate designees pursuant to Federal Rule of Civil Procedure 30(b)(6). (Volume I of Deposition Transcript of Gina Daines ("Vol. I") at 6 (filed under seal); *see* Doc. 120, sealing order.) The deposition began at 10:17 a.m. and concluded at 5:50 p.m. after reported difficulties with the document sharing program the parties

---

[1] The parties agreed in their joint scheduling report that discovery in this case should be bifurcated. (*See* Doc. 71 at 5.)

used to display exhibits.[2] (Vol. I at 6, 207–10.) The parties agreed to resume the deposition of Daines on a later date. (*Id.* at 209–10.)

On November 30, 2020, the deposition of Daines recommenced at 8:12 a.m. (Volume II of Deposition Transcript of Gina Daines ("Vol. II") at 218 (filed under seal); *see* Doc. 120.) The questioning of Daines concluded at 9:43 a.m. after counsel for Defendant stated that Daines had given seven hours of testimony on the record, as allotted by the Federal Rules of Civil Procedure. (Vol. II at 267–70.) Counsel for Plaintiff responded that at least an hour during the first deposition had been committed to dealing with technological difficulties "and/or argument against counsel," so additional time was warranted. (*Id.* at 267.)

The parties subsequently conferred telephonically and via email regarding more time for Plaintiff to question Daines. (Doc. 114 at 4, 6, 7.) Defendant offered Plaintiff an additional hour to depose Daines, which Plaintiff refused. (Doc. 114 at 4, 7.) On December 2, 2020, Plaintiff filed the instant motion. (Doc. 111.)

## II. DISCUSSION

Plaintiff moves to compel the resumption of the deposition of Daines, contending that he requires more time to question Daines regarding the advertising, labeling, and packing of the Product, due to technological difficulties and "Defendant's counsel's incessant argument and obstruction" during the first deposition. (Docs. 111 & 114.) Federal Rule of Civil Procedure 30(d)(1) provides:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1). A party seeking a court order to extend the deposition beyond seven hours must show "good cause." *See Thomas-Young v. Sutter Cent. Valley Hosps.*, No. 1:12–CV–01410–AWI–SKO, 2013 WL 3054167, at *2 (E.D. Cal. June 17, 2013); *Finjan, Inc. v. Eset, LLC*, No. 17CV183 CAB (BGS), 2020 WL 7396551 (S.D. Cal. Dec. 16, 2020) (noting that the

---

[2] Multiple breaks, some due to technological difficulties, were taken off the record throughout the day. (*See* Vol. I at 18, 95, 97–98, 129, 135, 162.)

3

Rule 30 Advisory Committee's notes require good cause to justify a court order expanding the seven-hour time limit).

The Court has reviewed the transcript of the deposition and finds that defense counsel's objections were generally in accordance with Federal Rule of Civil Procedure 30(c)(2)[3], so no additional time is warranted on that basis. Both parties agree, however, that there were technological difficulties impeding the initial examination of Daines (*see* Doc. 114 at 3, 5), and the Court finds this to be good cause to grant Plaintiff additional time. (*See Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020) (granting one extra hour to conduct a Rule 30(b)(6) deposition in anticipation of "delays during the deposition in the handling of exhibits by the witness and counsel"). Plaintiff does not specify how much more time he needs to complete the deposition, but based on the cases to which Plaintiff cites, he appears to suggest five additional hours. (*See* Doc. 114 at 12 (citing *Kress v. PriceWaterhouse Coopers, LLP*, No. 2:08–cv–0965 LKK AC, 2013 WL 2421704, at *5 (E.D. Cal. June 3, 2013); *Rubin-Knudsen v. Arthur J. Gallagher & Co.*, No. CV 18–6227–JGB (SPx), 2020 WL 2477687, at *3–4 (C.D. Cal. Jan. 24, 2020); *Mattel, Inc. v. MGA Entm't, Inc.*, No. CV049049DOCRNBX, 2011 WL 13128607, at *1 (C.D. Cal. Jan. 18, 2011)).)

The Court finds five additional hours to be excessive and will instead grant Plaintiff an additional one-and-a-half hours to complete his deposition of Daines due to time lost to technical difficulties. In addition to the issue with displaying exhibits that ultimately led to the termination of the first deposition (Vol. I at 203–09), the Court notes ten instances where a party's video/audio either froze or cut out, thus requiring questions and statements to be repeated (*see* Vol. I at 17–18, 38, 41, 60, 97, 115, 123, 124–25, 130, 134). As the parties' window for class certification discovery closed on December 18, 2020 (*see* Doc. 74), the Court will reopen discovery for the limited purpose of completing the deposition of Daines.

///

---

[3] Federal Rule of Civil Procedure 30(c)(2) provides in part: "An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

### III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Compel (Doc. 111) is GRANTED IN PART;
2. Class certification discovery is reopened to February 12, 2021, for the limited purpose of allowing Plaintiff one-and-a-half hours to resume and complete the deposition of Gina Daines; and
3. The parties are directed to meet and confer, and agree on a date for Daines' deposition, to be taken on or before February 12, 2021.

IT IS SO ORDERED.

Dated:  **January 14, 2021**          /s/ *Sheila K. Oberto*
                                           UNITED STATES MAGISTRATE JUDGE