.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL PIZANA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SANMEDICA INTERNATIONAL, LLC, and DOES 1 through 10, inclusive,

Defendants.

No. 1:18-cv-00644-DAD-SKO

ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENAS DUCES TECUM TO CLARKSON LAW FIRM AND TYCHO & ZAVAREEI

(Doc. 138)

This matter is before the Court on Defendant SanMedica International, LLC's "Motion to Compel Production of Documents in Response to Subpoenas Duces Tecum to Clarkson Law Firm and Tycho & Zavareei" (the "Motion to Compel"). (Doc. 138.) Defendant and non-party counsel for Plaintiff Raul Pizana—Clarkson Law firm, P.C. ("CLF") and Tycho & Zavareei, LLP ("TZ") (collectively, "Plaintiff's Counsel")—filed their joint statement directed to the Motion to Compel (the "Joint Statement"), as required by this Court's Local Rule 251, on February 3, 2021. (Doc. 148.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for February 10, 2021, was therefore vacated. (Doc. 150.)

Having considered the Joint Statement and its exhibits, and for the reasons set forth below, Defendant's Motion to Compel will be denied.

## I.    BACKGROUND

Plaintiff filed this putative class action on May 9, 2018, challenging the advertising and efficacy of SeroVital-hgh, a purported Human Growth Hormone supplement produced by Defendant that was purchased by Plaintiff in early 2017. (Doc. 53, Second Am. Compl. ("SAC") at ¶¶ 1, 6, 9.) Plaintiff and the putative class are represented by CLF and TZ. On March 6, 2020,

1

the Court entered a scheduling order that bifurcated merits from class certification discovery and set a deadline of December 18, 2020, for class discovery only.[1]  (*See* Doc. 74.)

On November 30, Defendant served a Notice of Subpoena for Production of Business Records on both CLF and TZ. (Doc. 148-1.)  Defendant's subpoenas (the "Subpoenas") sought: copies of all "demand letters" listing either Holly Deibler[2] or Plaintiff as a complaining party (Topic Nos. 1 & 2); copies of draft complaints provided to third parties and filed complaints listing either Deibler or Plaintiff as a plaintiff (Topic Nos. 3–6); all motions to disqualify as class counsel filed against any member of CLF or TZ (Topic No. 7); copies of all oppositions to any motion to appoint any member of CLF or TZ as class counsel (Topic No. 8); copies of all orders disqualifying any member of CLF or TZ as class counsel (Topic No. 9); and copies of all orders denying appointment of any member of CLF or TZ as class counsel (Topic No. 10). (Doc. 148-2.)  The Subpoenas requested the production of the aforementioned documents at The Law Office of Jack Fitzgerald, PC in San Diego on December 18, 2020, at 10:00 a.m. (Doc. 148-2.)

On December 11, 2020, Plaintiff's Counsel sent a letter to Defendant, objecting to the Subpoenas attached to the Notice of Subpoena for Production of Business Records emailed on November 30, 2020. (Doc. 148-3.)  Specifically, Plaintiff's Counsel objected that the Subpoenas were facially defective because the Subpoenas had not been personally served, provided an unreasonable amount of time with which to respond, and demanded the production of documents more than 100 miles from where Plaintiff's Counsel regularly transacted business in person. (*Id.*)  Plaintiff's Counsel also objected to the individual document requests as overly broad, vague, and unduly burdensome. (*Id.*)

On December 14, 2020, Defendant's counsel asked Annick Persinger, a partner at TZ, whether TZ would be willing to accept service by email. (Doc. 148-2.)  Defendant's process server had attempted to personally serve TZ at its office in Los Angeles, but no one was available. (*Id.*)  Persinger responded, "Yes, I accept service." (*Id.*)

On December 29, 2020, Defendant and Plaintiff's Counsel met via videoconference to

---

[1] The parties agreed in their joint scheduling report that discovery in this case should be bifurcated. (*See* Doc. 71 at 5.)

[2] Deibler is the plaintiff in a related action pending in the District of New Jersey. (*See* Doc. 148 at 1.)

discuss the Subpoenas and Plaintiff's Counsel's objections.  (Doc. 148 at 2.)  The parties were unable to reach an agreement over their disputes, and Defendant filed the instant motion on January 15, 2021.  (Doc. 138.)  Defendant moves to compel the production of documents responsive to the Subpoenas and a privilege log by Plaintiff's Counsel.  (Doc. 148 at 8–12.)

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) provides that parties

> [m]ay obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

The general scope of discovery for parties and non-parties is the same, *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago*, No. 2:13–cv–04392-ODW(CWx), 2013 WL 12139833, at *2 (C.D. Cal. Aug. 7, 2013), but courts may consider non-party status when determining whether discovery restrictions are necessary.  *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).  "A non-party has the right to object on relevance grounds to avoid production, and courts have routinely held that it is a generally accepted rule that standards for non[-]party discovery . . . require a stronger showing of relevance than for simple party discovery."  *Monster Energy Co. v. Vital Pharm., Inc.*, No. 518CV01882JGBSHKX, 2020 WL 2405295, at *6 (C.D. Cal. Mar. 10, 2020) (citation and internal quotation marks omitted).

Counsel for a party is considered a non-party for purposes of discovery.  *Hickman v. Taylor*, 329 U.S. 495, 504–05 (1947).  Although counsel are not automatically exempt from being subjected to produce documents, "courts generally disfavor subjecting opposing trial

3

counsel to discovery and recognize its potential disruptive effect on the attorney-client relationship and the adversarial process." *Monster Energy Co.*, 2020 WL 2405295, at \*6.

"The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK, 2015 WL 12731923, at \*2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

## III.   DISCUSSION

### A.   The Subpoenas Are Procedurally Defective

Rule 45(a)(3) provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service.  An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3).  Here, the Subpoenas attached to the Joint Statement as Exhibit A (Doc. 148-2) are not signed by either the Clerk of the Court or an attorney as required by Rule 45 and are therefore procedurally defective.  As the Court lacks authority to compel compliance with improperly issued subpoenas, the Motion to Compel will be denied on this basis.  *See Molina v. City of Visalia*, No. 1:13–CV–01991–LJO, 2015 WL 5193579, at \*2 (E.D. Cal. Sept. 4, 2015).

### B.   The Subpoenas Are Overly Broad and Unduly Burdensome

Even assuming that the Subpoenas had been properly issued, Defendant's Motion to Compel would nonetheless be denied, because the Defendant has failed to establish that all of the documents sought are relevant and the requests in the Subpoenas are overly broad.  Defendant asserts that the information sought—"demand letters" and complaints listing either Deibler or Plaintiff Pizana as a complaining party or plaintiff, in addition to motions, oppositions, and orders involving the appointment of any member of CLF or TZ as class counsel—is relevant to the adequacy requirement of Federal Rule of Civil Procedure 23(a) ("Rule 23").  (Doc. 148 at 8–9.)  The adequacy requirement of Rule 23(a)(4) permits certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The two key inquiries are whether: (1) the named plaintiff and their counsel have any conflicts of

4

interest with other class members; and (2) plaintiff and counsel will vigorously prosecute the action on behalf of the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

### 1. Topic Nos. 1–6

Generally, the adequacy inquiry seeks to ensure that the class representative is part of the class and possesses the same interest and injury as the class members. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997); *Carlino v. CHG Med. Staffing, Inc.*, No. 117CV01323DADJLT, 2019 WL 1005070, at *3 (E.D. Cal. Feb. 28, 2019). Here, Topic Nos. 1, 3, and 5 request documents (*e.g.*, complaints and "demand letters") pertaining to "Holly Deibler." (Doc. 148-2.) Defendant fails to explain how documents involving Deibler, who is not the named plaintiff in this action but instead a plaintiff in a related action, are relevant to showing that Plaintiff Pizana—the class representative in this case—does or does not possess the same interest and injury as, or has a conflict with, the class members.

As for the "demand letters" and complaints listing Plaintiff as a complaining party in other actions (Topic Nos. 2, 4, 6), Defendant has not established how the documents are relevant to establishing that Plaintiff is an inadequate representative in this case. As Plaintiff's Counsel notes (*see* Doc. 148 at 26–27), complaints and demand letters pertaining to, for example , an unrelated action for a personal injury auto accident in which Plaintiff was a complaining party would have no logical relationship to this case. Defendant cursorily asserts that the documents sought are "pertinent" to the Rule 23 adequacy requirement with little additional explanation. (*See id.* at 9.) Accordingly, the Court concludes that the requests are overbroad. Moreover, Defendant has failed to make the "strong showing of relevance" required for non-party discovery. *Monster Energy Co.*, 2020 WL 2405295, at *6.

Additionally, Topic Nos. 3 and 5 seek "all draft complaints" naming either Deibler or Plaintiff Pizana as a complaining party. (Doc. 148-2.) Draft pleadings, however, are protected attorney work product. *Hickman*, 329 U.S. at 510 n.9; *accord A.K. by & through Kocher v. Durham Sch. Servs., L.P.*, No. 15–2663–JTF–DKV, 2016 WL 11248524, at*5 (W.D. Tenn. Nov. 22, 2016) ("drafts of complaints and other pleadings are attorney work product"); *see also* Fed. R. Civ. P. 23(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that

5

are prepared in anticipation of litigation or for trial by or for another party or its representative[.]").  Defendant has not shown "substantial need" for the documents or that it would face "undue hardship" in obtaining the documents by other means.  *See* Fed. R. Civ. P. 23(b)(3)(A)(i), (ii).

Therefore, Defendant's Motion to Compel with regard to Topic Nos. 1–6 will be denied. Defendant also requests that Plaintiff's Counsel be ordered to prepare a privilege log justifying its refusal to produce potentially privileged documents.  (Doc. 148 at 11–12.)  This request will also be denied because Defendant has not shown that it is entitled to all the discovery sought, and such an undertaking would be unreasonably burdensome and unnecessarily expand the scope and cost of the litigation.  *See Monster Energy Co.*, 2020 WL 2405295, at *13.

**2. Topic Nos. 7–10**

Topic Nos. 7–10 request: "all motions to disqualify" any member of CLF or TZ as class counsel, all oppositions to any motion to appoint any member of CLF or TZ as class counsel, all orders disqualifying any member of CLF or TZ as class counsel, and all orders denying appointment of any member of CLF or TZ as class counsel. (*See* Doc. 148-2.)  Defendant states that it is entitled to discovery of these documents because

> [t]hese specifically defined documents are likely to have information demonstrating that counsel is not qualified to represent the proposed class . . . by pointing Defendant to any evidence of lack of qualification that has been considered by past courts indicating that counsel may not prosecute the action adequately and vigorously on behalf of the pro[po]sed class.  These documents may also point Defendant to evidence demonstrating conflicts of interest between class counsel and the proposed class.

(Doc. 148 at 9.)  Whether representation is adequate "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir. 2003), *overruled on other grounds by Dukes v. Wal–Mart Stores, Inc.*, 603 F.3d 571, 617 (9th Cir. 2010) (citation and internal quotation marks omitted).

Topic Nos. 7–10 are overly broad.  The scope of the requests includes "any member" of CLF or TZ; however, documents pertaining to attorneys who are not involved with this case are not relevant to showing that Plaintiff's Counsel are inadequate.  According to Plaintiff's

Counsel, the requested "oppositions" and orders opposing or denying appointment of CLF or TZ's attorneys as class counsel also fail to contain information relevant to showing that Plaintiff's Counsel have a conflict of interest or would not adequately represent the class. (*See* Doc. 148 at 21–24.)  This is because multiple competing firms often seek appointment as class counsel, which is left to the district court's discretion.  (*Id.*)  Hence, the "oppositions" to CLF's or TZ's members' requests for appointment as class counsel and orders denying appointment generally focus on the qualifications of other firms, rather than any deficiencies or incompetence on the part of CLF or TZ and are not relevant.  (*Id.* at 21–22.)

Plaintiff's Counsel further notes that "neither CLF, nor TZ, can recall a single instance in which a Court disqualified them from acting as class counsel or denied their request for appointment as class counsel due to a finding that they lack the requisite qualifications or competency to adequately or fairly represent the class[.]"  (*Id.* at 21; *see also* Docs. 148-1 & 149-1.)  Plaintiff's Counsel attached as exhibits court orders that would potentially be responsive to Defendant's requests.   (Docs. 148-6, 148-7, 148-8.)   Having reviewed the exhibits and considered the parties' arguments, the Motion to Compel as to Topic Nos. 7–10 will be denied as Defendant has failed to demonstrate the heightened relevance requirement for non-party discovery, especially from opposing litigation counsel.   Moreover, given the questionable relevance of the documents sought, it would be unduly burdensome to require Plaintiff's Counsel, a non-party, to search through the files for their approximately 1,550 class action cases (*see* Docs. 148-1 & 149-1) for documents potentially responsive to the Subpoenas.

Defendant has also failed to satisfy the test set forth by the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).  Under the *Shelton* test, discovery of opposing counsel is appropriate only when (1) "[n]o other means exist to obtain the information," (2) "the information sought is relevant and nonprivileged," and (3) "the information is crucial to the preparation of the case."  805 F.2d 1323, 1327 (8th Cir. 1986).[3]

---

[3] Although the facts of *Shelton* involved deposing opposing counsel, courts have applied the *Shelton* standard to non-deposition discovery as well. *See, e.g., Monster Energy Co.*, 2020 WL 2405295, at *8–9 (applying *Shelton* to subpoenas directed at the plaintiff's former counsel and law firm); *Silver v. BA Sports Nutrition, LLC*, No. 20–CV–00633–SI, 2020 WL 6342939, at *2 (N.D. Cal. Oct. 29, 2020) (applying *Shelton* and granting motion to quash subpoena seeking documents from opposing counsel); *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors*

District courts in the Ninth Circuit have assessed whether discovery of opposing counsel is appropriate by applying the *Shelton* test.  *See, e.g., Monster Energy Co.*, 2020 WL 2405295, at *8–9; *Silver v. BA Sports Nutrition, LLC*, No. 20–CV–00633–SI, 2020 WL 6342939, at *2 (N.D. Cal. Oct. 29, 2020); *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*, No. C06-7028 MMC MEJ, 2007 WL 4171136, at *1 (N.D. Cal. Nov. 26, 2007); *Nocal Inc. v. Sabercut Ventures, Inc.*, No. C 04-0240 PJH (JL), 2004 WL 3174427, at *2–4 (N.D. Cal. Nov. 15, 2004).

Here, the first element—no other means to obtain the information—has not been met. Topic Nos. 7–10 request filed documents and court orders, which are publicly available.  As Plaintiff's Counsel notes (Doc. 148 at 18), Defendant can conduct a public record search for orders and related filings on PACER, Lexis Nexis, Westlaw, and other legal resources to obtain the documents it is seeking.  *See Gibson v. Beer*, No. 103CV05445OWWDLBPC, 2008 WL 2344340, at *2 (E.D. Cal. June 5, 2008) (denying a motion for subpoena duces tecum where the document sought was publicly available).

Therefore, Defendant's Motion to Compel the production of documents responsive to Topic Nos. 7–10 will be denied.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED that Defendant's Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated:  __March 18, 2021__           __/s/ Sheila K. Oberto__
                                    UNITED STATES MAGISTRATE JUDGE

---

*Bureau*, No. C06-7028 MMC MEJ, 2007 WL 4171136, at *1 (N.D. Cal. Nov. 26, 2007) (same); *Nocal Inc. v. Sabercut Ventures, Inc.*, No. C 04-0240 PJH (JL), 2004 WL 3174427, at *2–4 (N.D. Cal. Nov. 15, 2004) (same).